Exhibit A

| | |
|---|---|
| **ARAPAHOE COUNTY DISTRICT COURT, STATE OF COLORADO**<br>7235 S. Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: August 22, 2023 3:23 PM<br>FILING ID: 9824316F7C828<br>CASE NUMBER: 2023CV31613 |
| Plaintiff(s):    **DUANE VIGIL,**<br><br>v.<br><br>Defendant(s):  **COLORADO FARM BUREAU MUTUAL INSURANCE COMPANY.** | |
| | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br><br>Matthew S. Shows, Esq., #39863<br>**The Paul Wilkinson Law Firm, LLC**<br>999 Jasmine Street<br>Denver, Colorado 80220<br>Telephone:  303-333-7285<br>Facsimile:  303-756-1878 (Not Designated) | Case No.:<br><br>Ctrm.: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Duane Vigil, by and through his attorneys, The Paul Wilkinson Law Firm, LLC, brings this Complaint against Defendant Colorado Farm Bureau Mutual Insurance Company. As grounds, Plaintiff states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant Colorado Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau) is a company licensed in, and regularly conducting business, in the State of Colorado, including within Arapahoe County, under the trade name Farm Bureau Insurance.

3. Jurisdiction is proper because Farm Bureau transacts business in the State of Colorado.

4. Venue is proper in Arapahoe County, Colorado pursuant to C.R.C.P. 98 because Farm Bureau, a foreign corporation, can be found and conducts business in Arapahoe County.

### GENERAL ALLEGATIONS

5. On or about February 3, 2020, Plaintiff was involved in a motor vehicle collision while he was a restrained driver of a 2015 Dodge Ram ProMaster Cargo Van, when the vehicle

1

was rear ended on South Kipling Parkway and West Bowles Avenue in Littleton, Colorado by an Alan Wahl.

6. Alan Wahl caused the subject accident by negligently operating his vehicle when he failed to stop for traffic ahead of him and collided with the rear of Plaintiff's vehicle

7. As a direct, foreseeable and proximate result of Mr. Wahl's negligence, Plaintiff suffered injuries, damages, harms, and losses.

8. As a direct, proximate, and foreseeable result of Mr. Wahl's negligent conduct, Plaintiff suffered damages in the form of economic loss, physical injuries, physical pain and suffering, loss of enjoyment of life, loss of income, and permanent impairment.

9. Plaintiff was not negligent in causing the subject collision.

10. No third party caused, or contributed to the cause of, the subject incident or Plaintiff's claimed injuries, damages, harms, and losses.

11. At the time of the subject collision, Mr. Wahl was insured under a policy issued by State Farm Insurance Company, Policy No. 970 395-4956, with liability limits of $100,000.

12. At the time of the subject collision, Plaintiff was insured by a UM/UIM insurance policy, Policy No. 01-CL-000510870-6, which includes $500,000 in uninsured/underinsured motorist bodily injury coverage.

13. To date, Plaintiff has not fully recovered from his accident-related injuries and pain symptomology, and his care and treatment is currently ongoing.

14. Plaintiff performed all conditions precedent to coverage under his policy.

15. Plaintiff submitted medical records and bills to Defendant in support of his claim for entitlement to underinsured motorist coverage.

16. On or about September 21, 2021, Plaintiff requested that Defendant fulfill its contractual obligations and pay benefits owed.

17. On or about October 11, 2021, Defendant, through its representative Zoie Coppage, provided correspondence to Plaintiff requesting an extension to evaluate Plaintiff's underinsured motorist bodily injury claim, but failed to provide a time frame for the extension.

18. On or about November 2, 2021, Defendant, through its representative Ms. Coppage requested an IME of Plaintiff.

19. Plaintiff complied with the request for the IME and attended that examination on or about December 15, 2021.

20. On November 18, 2021, Plaintiff's prior medical records were provided to Defendant at Defendant's request.

21. On January 4, 2022, Ms. Coppage requested additional records from Plaintiff.

22. In its January 18, 2022 correspondence, Defendant asserted that the tortfeasor's underlying bodily insurance policy limits were sufficient to compensate Plaintiff for his claimed injuries and damages, and declined to offer Plaintiff any compensation under his underinsured motorist insurance coverage.

23. No explanation other than Ms. Coppage's review of the IME report, Plaintiff's medical expenses up to that date, and the property damage to Plaintiff's vehicle were given in the January 18, 2022 letter for why the full value of Plaintiff's claim was not considered in Defendant's claim evaluation.

24. On April 14, 2022, Plaintiff provided Defendant with a status update, informing Defendant that he had filed a Complaint against Mr. Wahl in relation to the subject collision.

25. On May 11, 2022, Defendant informed Plaintiff that Defendant had completed its evaluation of Plaintiff's bodily injury claim and that Defendant maintained its position that Mr. Wahl's liability policy limits were sufficient to compensate Plaintiff for his accident-related injuries, damages and losses.

26. On May 24, 2022, Defendant requested an examination under oath of Plaintiff.

27. Plaintiff complied and provided an examination under oath to Defendant on or about August 11, 2022.

28. Plaintiff provided Defendant with additional requested records on August 3, 2022.

29. In its October 19, 2022 correspondence, Ellis Mayer, Counsel for Defendant, asserted that Defendant maintained its position on Plaintiff's underinsured motorist claim for the above stated reasons.

30. In conjunction with its October 19, 2022 claim denial, Defendant explained that it was relying upon a biomechanical analysis commissioned by or on behalf of Mr. Wahl for its claim position.

31. On or about December 15, 2022, State Farm Insurance Company offered Plaintiff a settlement on behalf of Mr. Wahl.

32. On or about December 15, 2022, Plaintiff requested permission to settle with Mr. Wahl from Defendant.

33. Defendant provided Plaintiff with consent to settle with Mr. Wahl and State Farm Insurance Company on or about December 15, 2022.

34. Thereafter, Plaintiff settled his case against Mr. Wahl with Defendant's consent.

35. Plaintiff was not adequately or wholly compensated by his settlement with Mr. Wahl and State Farm Insurance Company

36. On April 26, 2023, Plaintiff reached out to Defendant to discuss Plaintiff's request for underinsured motorist benefits. Plaintiff asked Defendant if there was anything else Defendant required to properly evaluate his underinsured motorist benefit request.

37. Plaintiff received an automated reply that Counsel for Defendant had retired.

38. On April 27, 2023, Plaintiff received correspondence from Counsel for Defendant, Timothy Fiene, stating the following:

   a. The expert and factual opinions in the underlying matter arise substantially from the investigation conducted by Defendant;

   b. Plaintiff settled with the alleged tortfeasor for less than the policy limits available in that matter;

   c. Defendant continues to dispute any claim for underinsured motorist benefits by Plaintiff; and

   d. Defendant intended to close its file on this matter.

39. Defendant is obligated to reasonably communicate information about Plaintiff's claim to Plaintiff and/or his legal representative, which includes an obligation to explain and disclose to its policyholder its evaluation and the bases for that evaluation.

40. At all relevant times, continuing to the present, Defendant has, without limitation:

   a. Failed to reasonably investigate Plaintiff's claim in good faith in a timely manner;

   b. Failed to reasonably evaluate Plaintiff's claim in good faith in a timely manner;

   c. Failed to reasonably respond to the inquiries of Plaintiff in good faith;

   d. Failed to reasonably consider all relevant evidence;

   e. Failed to reasonably consider Plaintiff's damages in such a manner as to construe ambiguities in favor of coverage, and find coverage where available;

   f. Failed to reasonably, timely and in good faith, compensate Plaintiff as required by the contract and law;

    g. Failed to reasonably provide underinsured motorist benefits for which Plaintiff paid in a timely manner;

    h. Concealed material and relevant information about the claim, including the factual basis for its investigation and evaluation;

    i. Refusing to reasonably communicate;

    j. Refusing to disclose relevant and material information; and

    k. Failing to properly train its claim handlers.

## FIRST CLAIM FOR RELIEF
### (Breach of Insurance Contract)

41. Plaintiff incorporates all prior allegations as though fully set forth herein.

42. At the time of the subject collision, Plaintiff was insured by a contract with Defendant.

43. Specifically, at all times relevant, Plaintiff was insured by Defendant Farm Bureau at the time and place of the subject collision pursuant to Policy No. 01-CL-000510870-6, with UM/UIM limits of $500,000 per person.

44. Pursuant to Colorado law, Plaintiff's insurance contract with Defendant provides that Farm Bureau shall pay sums that an insured person is legally entitled to recover in accordance with Colorado tort law as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

45. Defendant Farm Bureau owed Plaintiff a duty to pay benefits for which Plaintiff is eligible, as Plaintiff is a first-party insured.

46. Pursuant to the insurance contract, since no specific time of performance is mentioned, Farm Bureau's performance was required within a reasonable time.

47. Pursuant to the insurance contract, since Farm Bureau has complete discretion over the exercise of its terms, it is required to exercise that discretion reasonably.

48. Defendant Farm Bureau breached its contract with Plaintiff by failing to pay the benefits for which Plaintiff is eligible, failing to timely perform its obligations under the contract, failing to properly exercise discretion in the performance of the contract and refusing to make a payment of benefits provided for in the contract.

49. As a direct consequence of Defendant's breach of contractual duties to its insured, Plaintiff suffered injuries, damages, and losses.

5

## SECOND CLAIM FOR RELIEF
### (Willful and Wanton Breach of Contract)

50.     Plaintiff incorporates the above and below paragraphs herein by reference.

51.     Defendant Farm Bureau's breach of contract was willful and wanton.

52.     As a direct consequence of Farm Bureau's willful and wanton breach of contractual duties to its insured, Plaintiff suffered injuries, damages, and losses.

## THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Contract – Underinsured Motorist Coverage)

53.     Plaintiff incorporates the above and below paragraphs herein by reference.

54.     Defendant Farm Bureau owed and continues to owe Plaintiff a duty to act in good faith in reviewing, investigating, evaluating, adjusting and paying his claim, which duties were breached and continue to be breached.

55.     As set forth above, Defendant has breached its duty of good faith and fair dealing by, in part and without limitation:

   a. Failing to reasonably investigate Plaintiff's claim in good faith in a timely manner;

   b. Failing to reasonably evaluate Plaintiff's claim in good faith in a timely manner;

   c. Failing to reasonably respond to the inquiries of Plaintiff in good faith;

   d. Failing to reasonably consider all relevant evidence;

   e. Failing to reasonably consider Plaintiff's damages in such a manner as to construe ambiguities in favor of coverage, and find coverage where available;

   f. Failing to reasonably, timely and in good faith, compensate Plaintiff as required by the contract and law;

   g. Failing to reasonably provide underinsured motorist benefits for which Plaintiff paid in a timely manner;

   h. Concealing material and relevant information about the claim, including the factual basis for its investigation and evaluation;

   i. Refusing to reasonably communicate;

   j. Refusing to disclose relevant and material information; and

    k. Failing to properly train its claim handlers.

56. Defendant's conduct was unreasonable.

57. Defendant knew its conduct, as set forth above, was unreasonable.

58. Defendant recklessly disregarded the fact that its conduct, as set forth above, was unreasonable.

59. Under C.R.S. § 10-3-1104(1)(h), Defendant willfully acted unreasonably in including, but not limited to, the following ways:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c. Failing to promptly settle claims, where liability has become reasonably clear;

    d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim;

    e. Failing to adopt and implement reasonable standards for the prompt resolution of claims; and

    f. Compelling its insured to institute litigation to recover amounts due under an insurance policy.

60. Defendant knew its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

61. As a direct consequence of Defendant's breaches of its duties to its insured, Plaintiff has suffered injuries, damages, and losses.

**FOURTH CLAIM FOR RELIEF**
**(Violation of C.R.S. § 10-3-1116(1))**

62. Plaintiff incorporates the above and below paragraphs herein by reference.

63. Defendant has and continues to deny Plaintiff's claims without a reasonable basis for its action.

64. Defendant has continued to delay and deny payment of Plaintiff's claims without a reasonable basis for its action.

65. Defendant has continued denial and/or delay of payment of benefits to Plaintiff under the insurance contract is contrary to Colorado law.

66. As set forth in C.R.S. §10-3-1116(1), Plaintiff is entitled to recover reasonable attorney's fees, court costs, and two times the covered benefit (in addition to the benefit itself).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgement in his favor and against the Defendant as follows:

A. For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses sustained as a result of the February 3, 2020 collision, accident including, but not limited to all general damages, economic damages, that he has incurred and will incur in the future.

B. All statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims.

C. For pre-judgment interest from the time of the occurrence and post-judgment interest at the requisite rate.

D. For such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6) ON THIS ISSUE.**

Respectfully submitted August 22, 2023.

**THE PAUL WILKINSON LAW FIRM, LLC**

*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Matthew S. Shows*
Matthew S. Shows, Esq. (#39863)
*Attorney for Plaintiff*

**Plaintiff's Address:**
c/o The Paul Wilkinson Law Firm
999 Jasmine Street
Denver, CO 80220